By the Court :
As a general rule, the creditor’s right of action against the stockholders of a corporation is not complete, so as to set the statute of limitations running, until judgment has been recovered against the corporation, and execution has been returned without satisfaction. The reason is, the corporate property is the primary fund for the payment of the debts of the corporation, and the statutory liability of the stockholders a security which can be resorted to only after the creditor’s remedy against the corporation has been exhausted. When, however, the corporation has done, or suffered to be done, any act which would render judgment and process against it of no avail, as, where its property has been placed in the hands of an assignee in insolvency or bankruptcy, or, by the appointment of' a receiver, or dissolution of the corporation, or some other legal proceeding, its property has been put in process of application to the payment of its debts, the creditors may proceed against the stockholders without first putting their claims in judgment against the corporation. Morgan v. Lewis, 46 Ohio St. 1; Barrick v. Gifford, 47 Ohio St. 180; Bronson v. Schneider, Ante. 438.
In such cases, the insolvency of the corporation is as effectually established, and the creditor’s remedy as fully exhausted, as they would be by the return of- an execution issued against it, unsatisfied in whole or in part. The *667 creditor need not wait final settlement or distribution by the assignee, or receiver, or other officer charged with that duty, but may at once commence his action against the stockholders. The action is an equitable one, in which all the creditors and stockholders must be parties, and the court may withhold final judgment until the exact amount each stockholder should pay can be ascertained, or so mould its decree as to require the several stockholders to pay their proper proportion of the liabilities remaining after the application of all the assets of the corporation toward their satisfaction, and retain control over the cause and the parties until their ultimate rights shall be determined and adjusted. But the creditor’s right of action against the stockholders does not accrue when the corporation becomes insolvent in the sense, simply, that its property is insufficient for the payment of its liabilities. And it was the insolvency of the corporation, in that sense, as we understand the record, which the circuit court held, set the statute of limitations running against the plaintiff below. The facts, as found by that court, with respect to the insolvency of The Kelly Island Time Company, are in substance, that since the first of January, 1878, it has been unable to pay its debts; and on the 18tffiof August of that year, the receiver, who had carried on the business of the company from 1875, to that time, was discharged, and the property, and business of the company restored to it, by the order of the court which appointed the receiver; and thereafter, the company continued in the possession of its property and control of its business until after the 28th of August 1878, when creditors of the corporation commenced proceedings in bankruptcy against it, in which, it was, on the 16th of February, 1880, adjudged a bankrupt, and its property transferred to the assignee then appointed in that proceeding. If the receiver was appointed because of the insolvency of the company, to wind up its affairs, the statute, no doubt, would run from that time, in favor of the stockholders. There is no express finding that he was, or was not so appointed; but any inference that his appointment was for the cause or purpose named, is inconsistent with the fact that for nearly three years he carried on *668 the business of the company under the direction of the court, and then, by its order, restored the business and property to the company, and the further fact that the insolvency of the company, as found by the court, dates from the 1st of January, 1878, long after the receiver was appointed. The inference from these facts, would rather be, that the receiver was appointed to carry on the business, in order to accomplish some purpose of its stockholders or directors, and not on account of its insolvency; and that its property and business were returned to it, either, because there was no authority for the appointment of the receiver, or because the purpose of his appointment had been fully accomplished. At all events, from the termination of the receivership to the filing of the petition in bankruptcy, there was no obstruction to the creditors pursuing their remedy against the corporation. But we think the proceeding in bankruptcy dispensed with the necessity of any action against the corporation, and entitled the creditors without judgment and execution against it, to sue the stockholders. The statute of limitations commenced to run in behalf of the latter from that time, and, as less than six years had elapsed when the plaintiff commenced his action, it was not barred.

Judgment reversed and judgment for plaintiff below.